RANDLE MARKHAM v. THE STATE.

No. 20442. Delivered May 31, 1939.

The opinion states the case.

*D. F. Sanders* and *John A. Veillon*, both of Beaumont, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is unlawfully carrying a pistol; the punishment, a fine of $100.

The State introduced J. H. Allen, a deputy sheriff of Jefferson County, who testified to having arrested appellant on the 4th of December, 1938, in the Owl's Club in the City of Beaumont. The witness said: "The Owl's Club is a night club, beer parlor or dance hall, whatever you want to call it. I went out there in answer to a call but at the time I did not know for whom I was looking. When I got there I had the person for whom I was looking pointed out to me and they pointed out Markham (appellant). I placed him under arrest at that time and searched him and found an automatic * * * When I walked into the place he was eating chili and drinking beer. He had the gun in his right hand coat pocket."

Appellant testified that he had gone to the Owl's Club with Harry Griffin on the occasion of his (appellant's) arrest; that he found after entering the club that Griffin had a pistol in his possession; that Griffin was drunk and he persuaded him to give him the pistol to keep him out of trouble; that after he secured the pistol he dropped it in his coat pocket. At this juncture we quote from appellant's testimony as follows: "I first found out he had the pistol when we went to the night Owl's Club and were sitting there drinking a bottle of beer and I found out he had the gun there and I talked him out of it

to let me have it and bring it on home. He let me have it and I didn't have it two seconds when Mr. Allen (referring to the deputy sheriff) came in. I intended to bring the gun home. I didn't threaten to shoot anybody or display the gun * * * I was going to finish my beer and bring him (referring to Griffin) on home."

The trial court refused to accept appellant's statement of the transaction as presenting an affirmative defense, and declined to submit appellant's requested instruction embracing such defensive theory. We think that if the circumstances related by appellant were to be accepted as true he would not be guilty of unlawfully carrying a pistol. It has been observed that, according to his version, he took possession of the pistol to prevent Griffin from getting into trouble and intended to immediately carry the pistol, as well as Griffin, to Griffin's home. He had only been in possession of the pistol a few minutes when the officer entered the tavern and arrested him. These facts afforded the basis for the affirmative defensive charge which should have been submitted to the jury with an instruction to acquit appellant if they believed his version of the transaction, or entertained a reasonable doubt thereof. It follows that we are of opinion reversible error is presented.

It is shown in a bill of exception that the State proved by Mr. Allen, the deputy sheriff, over appellant's proper objection, that one Cooper, the manager of the Dipsy Doodle Club, which was located about one-quarter of a mile from the Owl's Club, had come to the officer's office and filed a complaint against appellant for disturbing the peace at said Dipsy Doodle Club. Further, Mr. Allen testified, over appellant's objection, that Cooper had told him that appellant had threatened to shoot up the Dipsy Doodle Club. It is certified in the bill that at no time during the conversation between Cooper and Mr. Allen was the appellant present. It is made clear from the bill of exception that the declarations in question were purely hearsay. There was no issue as to the right of the deputy sheriff to make the arrest of appellant in the Owl's Club. Hence it was not necessary for the State to prove that such officer had received information that appellant was in possession of a pistol. Under the circumstances, we are constrained to hold that the reception of this hearsay evidence presents reversible error.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.